IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Hartman Design Inc.** | : | |
| 51 North Elm Street | : | CIVIL ACTION NO: |
| Wernersville, PA  19565, | : | |
| | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT FOR PATENT** |
| | : | **INFRINGEMENT** |
| v. | : | |
| | : | **DEMAND FOR JURY TRIAL** |
| **Lehigh Valley** | : | |
|     **Hardscaping, LLC** | : | |
| 1528 Russett Road | : | |
| Orefield, PA 18069, | : | |
| | : | |
| **Matthew Weis** | : | |
| 1528 Russett Road | : | |
| Orefield, PA 18069, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# COMPLAINT

Plaintiff, Hartman Design Inc. ("Hartman" or "Plaintiff") for its complaint against defendants, Lehigh Valley Hardscaping, LLC ("LVH") and Matthew Weis ("Weis") (collectively "Defendants") alleges as follows:

# THE PARTIES

1. Hartman is a corporation of the Commonwealth of Pennsylvania and has a place of business at 51 North Elm Street, Wernersville, PA  19565.

2.      Upon information and belief, defendant LVH is a limited liability company of the Commonwealth of Pennsylvania having its principal place of business at 1528 Russett Road, Orefield, PA 18069.

3.      Upon information and belief, defendant Weis is an individual who is involved in and/or controls and/or operates and/or is the alter ego of LVH.

4.      Upon information and belief, Defendants LVH and Weis currently share and/or have shared and/or use and/or have used a place of business at 1528 Russett Road, Orefield, PA 18069.

**JURISDICTION AND VENUE**

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§1391 and 1400(b) for at least the reasons that, on information and belief, a substantial part of the events giving rise to the claim occurred in this District, and one or both Defendants have committed acts of infringement and/or contributed to and/or induced acts of infringement in this District.

6.      Hartman is informed and believes, and thereon alleges, that Defendants have continuous and systematic purposely-directed contacts with the Commonwealth of Pennsylvania, including this District; such contacts including being residents of and carrying-out business in the Commonwealth of Pennsylvania and this District

7.      Hartman is informed and believes, and thereon alleges, that Defendants have acted, or caused or induced others to act, in a manner that constitutes patent infringement, and these acts

include, but are not limited to, the manufacture, use, offer for sale, sale, importation, and/or promotion of certain light fixtures, including lamps for mounting on structures formed of a plurality of discrete elements, and to forming structures, including hardscapes containing such light fixtures, with the knowledge and intent that the articles and structures would be sold, resold, offered for sale, reoffered for sale, and/or used in the United States, including in the Commonwealth of Pennsylvania and within this District.  This equipment includes, but is not necessarily limited to, the lamp in the photographs included below as Figures 1-4:



FIGURE 1



FIGURE 2




FIGURE 3                                                                 FIGURE 4

## CAUSE OF ACTION

8.      Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 7 above as though fully set forth herein.

9.      Plaintiff is engaged in the business of conceiving of, developing, designing, patenting, manufacturing, importing, selling and/or offering for sale lighting products for use in connection with outdoor structures, particularly hardscaping such as paved areas like streets and sidewalks, walls, street amenities, pools and fountains, fireplaces, firepits and the like.

10.     U.S. Patent No. 8,066,398 (the "'398 patent") entitled "Lamp and Illuminated Hardscape," was duly and legally issued on November 29, 2011, and is now and at all relevant times has been in full force and effect.  A copy of the '398 patent is attached as Exhibit A.

11. U.S. Patent No. 8,672,502 (the "'502 patent") entitled "Lamp and Illuminated Hardscape," was duly and legally issued on March 18, 2014, and is now and at all relevant times has been in full force and effect. A copy of the '502 patent is attached as Exhibit B.

12. U.S. Patent No. D576,763 S (the "'763 patent") entitled "Light Fixture" was duly and legally issued on September 09, 2008, and is now and has at all relevant times been in full force and effect. A copy of the '763 patent is attached as Exhibit C.

13. Plaintiff is the owner of the entire right, title and interest in and to each of the '398 patent, the '502 patent, and the '763 patent and/or is the assignee of all rights to enforce and receive compensation for infringement of each of these patents, including rights of actions and rights to recover for damages, profits, and costs arising from any past, present, and future infringements these patents.

14. Upon information and belief, each of the Defendants has been involved in at least one of manufacturing, using, offering for sale, selling, and/or importing articles and hardscapes, within the scope of one or more of the claims of each of the '398 patent, the '502 patent, and the '763 patent, including but not limited to the product depicted above in Figures 1 – 4 (the "Infringing Products") in or into one or more states in the United States, including the Commonwealth of Pennsylvania and this District.

15. Upon information and belief, the Infringing Products have no substantial non-infringing uses, and were designed and intended for use in a manner that constitutes an infringement of each of the '398 patent, the '502 patent, and the '763 patent.

16. Upon information and belief, Defendants provide instructions to their customers to use the Infringing Products in hardscaping a manner that infringes the '398 patent and the '502 patent. Therefore, those customers directly infringe the '398 patent and the '502 patent and are doing so upon the direction and guidance of the Defendants.

**Infringement of the '398 Patent**

17. Hartman repeats, realleges and incorporates by reference paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. This is a claim for patent infringement under 35 U.S.C. §§271 and 281.

19. Hartman is informed and believes, and thereon alleges, that Defendants have infringed and/or contributed to infringement of and/or induced others to infringe, and continue to infringe at least claims 1, 3, 6, 8, 9, 11 – 13 and 21 of the '398 patent, in violation of 35 U.S.C. §§ 271(a), 271(b), 271(c) and/or 271(f). These acts were not and are not authorized by Hartman.

20. Defendants have received actual notice and/or constructive notice of the '398 patent, including at least as a result of substantially all of the products made by Plaintiff or under his authority within the scope of at least one claim of the '398 patent having been marked to identify thereon the '398 patent. Defendants have continued to engage in acts constituting infringement of the '398 patent.

21. Hartman is informed and believes, and thereon alleges, that Defendants individually and through their agents, employees and servants, have derived, received and will continue to derive and receive gains, profits and advantages in amounts not presently known by Hartman with certainty, from their acts of infringement of the '398 patent.

22. Hartman is informed and believes, and thereon alleges, that such infringement has been and continues to be intentional, knowing, willful and deliberate, with full knowledge of Hartman's rights in the '398 patent.

23. Due to the acts of infringement by Defendants, Hartman has suffered great, imminent and irreparable injury and harm, and will continue to do so unless Defendants are enjoined by the Court from further acts of infringement of the '398 patent.

**Infringement of the '502 Patent**

24. Hartman hereby repeats, realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. This is a claim for patent infringement under 35 U.S.C. §§271 and 281.

26. Hartman is informed and believes, and thereon alleges, that Defendants individually and through their agents, employees and servants, have infringed and/or contributed to infringement of and/or induced others to infringe, and continue to infringe claims 1 - 11 of the '502 patent, in violation of 35 U.S.C. §§ 271(a), 271(b), 271(c) and/or 271(f). These acts were not and are not authorized by Hartman.

27. Defendants have received actual notice and/or constructive notice of the '502 patent, including at least as a result of substantially all of the products made by Plaintiff or under his authority and being within the scope of at least one claim of the '502 patent having been marked to identify thereon the '502 patent. Defendants have continued to engage in acts constituting infringement of the '502 patent.

28. Hartman is informed and believes, and thereon alleges, that Defendants have derived, received and will continue to derive and receive gains, profits and advantages in amounts not presently known by Hartman with certainty, from their acts of infringement of the '502 patent.

29. Hartman is informed and believes, and thereon alleges, that such infringement has been and continues to be intentional, knowing, willful and deliberate, with full knowledge of Hartman's rights in the '502 patent.

30. Due to the acts of infringement by Defendants, Hartman has suffered great, imminent and irreparable injury and harm, and will continue to do so unless Defendants are enjoined by the Court from further acts of infringement of the '502 patent.

**Infringement of the '763 Patent**

31. Hartman hereby repeats, realleges and incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. This is a claim for patent infringement under 35 U.S.C. §§271 and 281.

33. Hartman is informed and believes, and thereon alleges, that Defendants individually and/or through their agents, employees and servants, have infringed and/or contributed to infringement of, and continue to infringe the claim of the '763 patent in violation of 35 U.S.C. §§ 271(a), 271(b), 271(c) and/or 271(f).  These acts were not and are not authorized by Hartman.

34. Defendants have received actual notice and/or constructive notice of the '763 patent, including at least as a result of substantially all of the products made by Plaintiff or under his authority and being within the scope of the claim of the '763 Patent having been marked to

identify thereon the '763 patent. Defendants have continued to engage in acts constituting infringement of the '763 patent.

35.     Hartman is informed and believes, and thereon alleges, that Defendants have derived, received and will continue to derive and receive gains, profits and advantages in amounts not presently known by Hartman with certainty, from their acts of infringement of the '763 patent.

36.     Hartman is informed and believes, and thereon alleges, that such infringement has been and continues to be intentional, knowing, willful and deliberate, with full knowledge of Hartman's rights in the '763 patent.

40.     Due to the acts of infringement by Defendants, Hartman has suffered great, imminent and irreparable injury and harm, and will continue to do so unless Defendants are enjoined by the Court from further acts of infringement of the '763 patent.

**WHEREFORE**, Hartman prays for relief as follows:

A.      that each of LVH and Weis be adjudged to have infringed each of the '398, '502 and '763 patents;

B.      that each of LVH and Weis be adjudged to have willfully and deliberately infringed each of the '398, '502 and '763 patents;

C.      that each of LVH and Weis, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order, be preliminarily and permanently restrained from infringing each of the '398, '502 and '763 patents;

D. that LVH and Weis each account for damages to Hartman for its infringement of each of the '398, '502 and '763 patents;

E. that a judgment be entered against each of each of LVH and Weis awarding Hartman all damages to which it is entitled under 35 U.S.C. § 154(d), 35 U.S.C. § 284 and 35 U.S.C. § 289, including increased damages for Defendants' willful infringement;

F. that the damages in this judgment be trebled for the willful and deliberate infringement of each of the '398, '502 and '763 patents by each of LVH and Weis;

G. that an assessment be awarded to Hartman of interest on the damages so computed;

H. that the Court award to Hartman its reasonable attorneys fees and costs pursuant to 35 U.S.C. 285; and

I. that Hartman receive such other and further relief as the Court may deem just and proper.

## **Jury Demand**

Hartman demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| | Respectfully Submitted, |
| | FOX ROTHSCHILD LLP |
| Date:   March 15, 2016 | By: _____ |
| | Joseph F. Posillico |
| | Frank T. Carroll |
| | Ryan N. Miller |
| | Seth A. Kramer |
| | 2000 Market Street, 20th Floor |
| | Philadelphia, PA 19103 |
| | jposillico@foxrothschild.com |
| | fcarroll@foxrothschild.com |
| | rmiller@foxrothschild.com |
| | skramer@foxrothschild.com |
| | Phone: (215) 299-2000 |
| | Facsimile: (215) 299-2150 |

*Attorneys for Plaintiff*
*Hartman Design Inc.*