IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARTMAN DESIGN INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-1209 |
| | : | |
| v. | : | |
| | : | |
| LEHIGH VALLEY HARDSCAPING, LLC, | : | |
| and MATTHEW WEIS, | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM OPINION</u>

Smith, J.                                                                June 27, 2016

The plaintiff, Hartman Design Inc., commenced this action by filing a complaint against

the defendants, Lehigh Valley Hardscaping, LLC and Matthew Weis, on March 15, 2016.  Doc.

No. 1.  In the complaint, the plaintiff alleges that the court has jurisdiction over this action under

28 U.S.C. §§ 1331 and 1338 insofar as this is an action for patent infringement.  Compl. at 2.

The plaintiff is in the business of "developing, designing, patenting, manufacturing, importing,

selling and/or offering for sale lighting products for use in connection with outdoor structures,

particularly hardscaping such as paved areas likes streets and sidewalks, walls, street amenities,

pools and fountains, fireplaces, firepits and the like."  *Id.* at 4.  The plaintiff contends that the

defendants have infringed three of its patents: (1) the "398 Patent" titled "Lamp and Illuminated

Hardscape," which was issued on November 29, 2011; (2) the "502 Patent" titled "Lamp and

Illuminated Hardscape," which was issued on March 18, 2014; and (3) the "763 Patent" titled

"Light Fixture," which was issued on September 9, 2008.  *Id.* at 4-9.  Based on the factual

allegations in the complaint, the plaintiff seeks, *inter alia*, (1) a determination that the defendants

infringed the above-referenced patents, (2) preliminary and permanent injunctive relief, (3) compensatory and treble damages, and (4) attorney's fees and costs. *Id.* at 9-10.

The docket entries in this case show that the clerk of court issued summonses for each defendant to the plaintiff's counsel on March 16, 2016. *See* Second Unnumbered Docket Entry After Doc. No. 1. According to Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff had 90 days, *i.e.* until June 13, 2016, to serve the summonses and copies of the complaint upon the defendants. *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 90 days after the complaint is filed"). The plaintiff has not filed any proofs of service indicating that it effected service of the summonses and complaint in this matter. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

Because it appeared that the plaintiff failed to timely serve the summonses and complaint, the court entered an order on June 16, 2016, requiring the plaintiff to show cause as to why the court should not dismiss the action for lack of timely service of the summonses and complaint. *See* Ord. to Show Cause, Doc. No. 4.[1] The court required the plaintiff to file a written response by June 24, 2016, and stated that if it failed to respond, the court would interpret its failure as an indication that it is unopposed to the court dismissing this action. *Id.* at 2. To date, the plaintiff has not responded to the order to show cause.

Rule 4(m) provides that if the plaintiff fails to serve a defendant within 90 days,

the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made

---

[1] On May 17, 2016, the undersigned's civil deputy docketed a notice indicating that the plaintiff had until June 13, 2016, to properly serve the summonses and complaint upon the defendants or risk possible dismissal of his action. *See* Notice, Doc. No. 3. This notice was electronically mailed to the plaintiff's counsel. *See* Doc. No. 3, Display Receipt.

Thus, the order to show cause was the second notice from this court informing the plaintiff of the possibility that the failure to effect service or show good cause for the failure to serve could result in the dismissal of this action.

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Rule 4(m) "require[s] a court to extend time if good cause is shown and . . . allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

Here, as the plaintiff has failed to respond to either the 60-day notice from the undersigned's civil deputy or the order to show cause, the plaintiff has not shown good cause for the failure to effect service in this case.  In addition, while the court is cognizant of the possibility that the court could relieve the plaintiff of the consequences even if, as in this case, good cause did not exist, none of the situations discussed in the notes to Rule 4 are applicable here.  *See* Fed. R. Civ. P. 4(m), advisory committee's note (1993) (discussing examples of situations that could justify, in the absence of good cause, a court extending the time for a plaintiff to effect service rather than dismissing the action for a failure to serve).  Moreover, the court can conceive of no reason to excuse the plaintiff from the dismissal of this action.  Accordingly, as the plaintiff has failed to submit proof that it timely served the summonses and complaint on the defendants, the court will dismiss this action without prejudice under Rule 4(m).

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.